HILL RIVKINS LLP
*Attorneys for Defendants*
45 Broadway – Suite 1500
New York, New York 10006
Telephone:  212-669-0600
Facsimile:  212-669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SWIFT SPLASH LTD.,

                *Petitioner*,

-against-

THE RICE CORPORATION, d/b/a
THE RICE COMPANY

                *Respondent.*
------------------------------------------------------X

10 Civ 6448 (JGK)

RESPONSE TO COURT'S
ORDER TO SHOW CAUSE

### THE RICE CORPORATION'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY AN ATTACHMENT IN AID OF ARBITRATION SHOULD NOT BE GRANTED

Respondent, The Rice Corporation, submits this response to the Court's August 30, 2010, Order to Show Cause why an attachment in aid of arbitration should not be granted. The facts of the matter do not satisfy the strictly-construed requirements of N.Y. C.P.L.R. 6212(a) and 7502(c) (McKinney 2010), as Swift Splash Ltd. fails to establish that "an award to which the applicant may be entitled may be rendered ineffectual" and a likelihood of success on the merits. Importantly, this Court vacated a Rule B attachment in 2004 because this Court determined that security is not needed from the Respondent for a possible London arbitration award, as it is financially stable, "has not resisted arbitration," and there was otherwise no evidence that The

1

Rice Corporation would not satisfy an arbitration award. *Allied Maritime, Inc. v. Rice Corp.*, 2004 WL 2284389, at *2 (S.D.N.Y. Oct. 12, 2004). The Rice Corporation has always honored its commitments and "[a]t no time has The Rice Corporation ever failed to pay any monies due to another party as a result of a settlement or arbitration award." See Exhibit 2, Declaration of Manish Bhapkar paras. 4, 7, 8. Despite citing the case in which this Court ruled that security is not needed from The Rice Corporation for a possible London arbitration award (Petitioner's memorandum of law at 14 n. 3), Swift Splash Ltd. nevertheless asks this Court to attach funds while failing to offer this Court any reason to reach a different conclusion than it did in *Allied Maritime*. See 2004 WL 2284389, at *2. This failure is an independent basis for denying the request for an order of attachment. Additionally, in light of the strong evidence in opposition to Swift Splash Ltd.'s theory of the case, the petitioner has failed to meet its heavy burden of establishing a likelihood of success on the merits. See Exhibit 1, Declaration of Clare Fenella Tookey. Further, Petitioner seeks to attach special escrow funds. See Declaration of Keith B. Dalen. Therefore, The Rice Corporation respectfully requests that this Court deny Swift Splash Ltd.'s request for an order of attachment.

Pursuant to the requirements Local Civil Rule 7.1(a), and in support of this Response, The Rice Corporation respectfully submits the attached Memorandum of Law in Response to the Court's Order to Show Cause why an attachment in aid of arbitration should not be granted.

Dated: New York, New York
       September 7, 2010

                                  Respectfully submitted,
                                  HILL RIVKINS LLP
                                  Attorneys for Respondent, The Rice Corporation

By:    Keith B. Dalen
        45 Broadway, Suite 1500
        New York, New York  10006
        Tel: 212-669-0600
        Fax: 212-669-0699