HILL RIVKINS LLP
*Attorneys for Defendants*
45 Broadway – Suite 1500
New York, New York  10006
Telephone:     212-669-0600
Facsimile:     212-669-0699


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SWIFT SPLASH LTD.,

                                                                                         **10 Civ 6448 (JGK)**

                   *Petitioner,*

      -against-

THE RICE CORPORATION, d/b/a                  **OPPOSITION TO**
THE RICE COMPANY                                           **MOTION TO CONFIRM**

                   *Respondent.*
------------------------------------------------------X


## THE RICE CORPORATION'S OPPOSITION
## TO SWIFT SPLASH LTD.'S MOTION TO CONFIRM

      Respondent, The Rice Corporation, submits this opposition to Swift Splash Ltd.'s September 7, 2010, Motion to Confirm the Order to Show Cause Why an Attachment in Aid of Arbitration Should Not be Granted.  Petitioner fails to meet its admitted burden for confirming an order of attachment under New York law, as Swift Splash Ltd. fails to establish a probability of success on the merits, the need for continuing the levy, and the grounds for the attachment. *See* Petitioner's Memorandum in Support of Motion to Confirm at 3.  These requirements are at least as strict as, and substantially similar to, the requirements for the underlying attachment, which were not met, as the Respondent will argue at today's 4:30 PM hearing pursuant to the Court's Order to Show Cause.  Swift Splash Ltd. clearly failed to meet its burden of establishing

1

the strictly-construed elements for an attachment under N.Y. C.P.L.R. 6212(a) and 7502(c) (McKinney 2010), because Swift Splash Ltd. failed to establish that "an award to which the applicant may be entitled may be rendered ineffectual" and a likelihood of success on the merits.

Pursuant to the requirements Local Civil Rule 7.1(a), and in support of this Opposition, The Rice Corporation respectfully submits the attached Memorandum of Law in Support of its Opposition to the Motion to Confirm an Order to Show Cause for Attachment in Aid of Arbitration.

Dated: New York, New York
September 9, 2010

                                            Respectfully submitted,
                                            HILL RIVKINS LLP
                                            Attorneys for Respondent, The Rice Corporation

By:    Keith B. Dalen
        45 Broadway, Suite 1500
        New York, New York  10006
        Tel: 212-669-0600
        Fax: 212-669-0699

2

HILL RIVKINS LLP
*Attorneys for Defendants*
45 Broadway – Suite 1500
New York, New York  10006
Telephone:   212-669-0600
Facsimile:    212-669-0699


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SWIFT SPLASH LTD.,

                            **10 Civ 6448 (JGK)**

               *Petitioner*,

-against-

THE RICE CORPORATION, d/b/a      **MEMORANDUM OF LAW**
THE RICE COMPANY                        **IN OPPOSITION TO**
                                                            **MOTION TO CONFIRM**

               *Respondent*.
----------------------------------------------------------X


## THE RICE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO THE MOTION TO CONFIRM AN ORDER TO SHOW CAUSE FOR ATTACHMENT IN AID OF ARBITRATION

### PRELIMINARY STATEMENT

Respondent, The Rice Corporation, submits this opposition to Swift Splash Ltd.'s September 7, 2010, Motion to Confirm the Order to Show Cause Why an Attachment in Aid of Arbitration Should Not be Granted.  Petitioner fails to meet its admitted burden for confirming an order of attachment under New York law, as Swift Splash Ltd. fails to establish a probability of success on the merits, the need for continuing the levy, and the grounds for the attachment. *See* Petitioner's Memorandum in Support of Motion to Confirm at 3.  These requirements are at least as strict as, and substantially similar to, the requirements for the underlying attachment, which were not met, as the Respondent will argue at today's 4:30 PM hearing pursuant to the

1

Court's Order to Show Cause. Swift Splash Ltd. clearly failed to meet its burden of establishing the strictly-construed elements for an attachment under N.Y. C.P.L.R. 6212(a) and 7502(c) (McKinney 2010), because Swift Splash Ltd. failed to establish that "an award to which the applicant may be entitled may be rendered ineffectual" and a likelihood of success on the merits. Importantly, this Court vacated a Rule B attachment in 2004 because this Court determined that security is not needed from the Respondent for a possible London arbitration award, as it is financially stable, "has not resisted arbitration," and there was otherwise no evidence that The Rice Corporation would not satisfy an arbitration award. *Allied Maritime, Inc. v. Rice Corp.*, 2004 WL 2284389, at *2 (S.D.N.Y. Oct. 12, 2004). The Rice Corporation has always honored its commitments and "[a]t no time has The Rice Corporation ever failed to pay any monies due to another party as a result of a settlement or arbitration award." S*ee* Memorandum of Law in Response to the Court's Order to Show Cause (hereinafter "Memorandum in Response"), Exhibit 2, Declaration of Manish Bhapkar paras. 4, 7, 8. Despite citing the case in which this Court ruled that security is not needed from The Rice Corporation for a possible London arbitration award (Petitioner's memorandum of law at 14 n. 3), Swift Splash Ltd. nevertheless asks this Court to confirm the attachment of funds while failing to offer this Court any reason to reach a different conclusion than it did in *Allied Maritime. See* 2004 WL 2284389, at *2. This failure is an independent basis for denying the request for an order of attachment. Additionally, in light of the strong evidence in opposition to Swift Splash Ltd.'s theory of the case, Petitioner has failed to meet its heavy burden of establishing a likelihood of success on the merits. *See* Memorandum in Response, Exhibit 1, Declaration of Clare Fenella Tookey. Further, Petitioner seeks to attach special escrow funds. *See* Memorandum in Response, Declaration of Keith B.

2

The Rice Corporation respectfully requests that this Court deny Swift Splash Ltd.'s motion to confirm an order of attachment.

For background, The Rice Corporation initiated the action that is the subject of the London arbitration; Swift Splash Ltd. is the defendant/counter-claimant. Memorandum in Response, Tookey Decl. para. 7.

As The Rice Corporation considers the only facts relevant to this issue to be: (1) whether Swift Splash Ltd. has met its burden of establishing that a possible arbitration award will be rendered ineffectual absent provisional relief; and (2) whether Swift Splash Ltd. has met its burden of establishing a likelihood of success on the merits, The Rice Corporation will not provide an unnecessary recitation of the facts. Instead, The Rice Corporation will briefly address Swift Splash Ltd.'s arguments, and will demonstrate that the order of attachment should not be confirmed for failure to establish the requisite elements under N.Y. C.P.L.R. 6212(a), 6223(b), and 7502(c).

## ARGUMENT

### POINT I

### SWIFT SPLASH LTD. FAILS TO ESTABLISH THAT A POSSIBLE ARBITRATION AWARD MAY BE RENDERED INEFFECTUAL

As described more fully in The Rice Corporation's Memorandum of Law in Response to the Court's Order to Show Cause Why an Attachment in Aid of Arbitration Should Not be Granted, Swift Splash Ltd. failed to establish that a possible arbitration award may be rendered ineffectual. In a wholly inadequate attempt to proffer evidence that The Rice Corporation will not satisfy an arbitration award, Swift Splash Ltd. merely refers to several attachments that were made under Rule B of the Supplemental Rules for Admiralty or Maritime Claims. However, the

3

fact that The Rice Corporation has been sued in the past,[1] and was subjected to several Rule B attachments, before it registered as a foreign business corporation in New York, is in no way an indication that The Rice Corporation will not satisfy a possible arbitration award. Additionally, and as fully discussed in the Memorandum of Law in Response to the Court's Order to Show Cause at 4-6, **because the standards for attachment under N.Y. C.P.L.R. 6212(a) and 7502(c) are much higher than under Rule B, evidence of prior Rule B attachments is irrelevant to the present matter.** In the light most favorable to the petitioner, the evidence merely shows that The Rice Corporation has been sued before and claimants have availed themselves of easily-obtained Rule B attachments. **Accordingly, in the absence of any relevant evidence that The Rice Corporation will not satisfy an arbitration award, Petitioner's request for an order of attachment is insufficient as a matter of law.**

Importantly, and as discussed in greater detail in the Memorandum in Response to the Court's Order to Show Cause, this Court has already determined that no security is needed from The Rice Corporation for a possible London arbitration award. In *Allied Maritime, Inc. v. Rice Corp.*, this Court vacated a Rule B attachment of The Rice Corporation's funds in light of The Rice Corporation's financial stability, the fact that The Rice Corporation "has not resisted arbitration," and the absence of evidence that The Rice Corporation would not satisfy an arbitration award. 2004 WL 2284389, at *2 (S.D.N.Y. Oct. 12, 2004). Although subsequent case law established that the inquiry was not required for Rule B purposes, this Court's finding in that case remains highly relevant to the present matter.

---

[1] Suits arise in the ordinary course of the shipping business. A PACER search quickly revealed that A.P. Moller-Maersk Group, currently the largest container ship operator in the world, see http://en.wikipedia.org/wiki/A._P._Moller-Maersk_Group, or its vessels have been sued in the Southern District of New York about two dozen times since, and including, 2003.

4

In its Memorandum in Support of the Motion to Confirm, Swift Splash Ltd. attempts to mislead this Court. The Rice Corporation has **not** attempted to conceal funds. At today's 4:30 PM hearing, The Rice Corporation is prepared to hand up to the Court copies of the Letter of Indemnity and Escrow Agreement associated with the special escrow account maintained at HSBC.

Swift Splash Ltd. also makes empty reference to the fact that The Rice Corporation is a multi-national business. *See* Swift Splash Ltd.'s Memorandum of Law in Support of Motion to Confirm at 9-10. By this logic, any business that lawfully operates under corporate forms in multiple countries *ipso facto* conceals funds. Obviously, this is preposterous.

The Rice Corporation is stable and financially sound, as demonstrated by the Response to Order to Show Cause, Exhibit 2, the declaration of Manish Bhapkar, who is a chartering and freight manager for The Rice Company. The Rice Company has been in business for 19 years, during which time it has fully paid and honored all of its contracts and obligations, even during the market collapse of 2008-2009. *See* Response to Order to Show Cause, Exhibit 2, Bhapkar Decl. paras. 4, 8. "At no time has The Rice Company ever failed to pay any monies due to another party as a result of a settlement or arbitration award." *See* Response to Order to Show Cause, Exhibit 2, Bhapkar Decl. para. 7. Additionally, The Rice Corporation has not resisted arbitration; in fact, **The Rice Corporation initiated the action that is the subject of the London arbitration and Swift Splash Ltd. is the defendant/counter-claimant.** *See* Response to Order to Show Cause, Exhibit 1, Tookey Decl. para. 7. Therefore, there is no reason for this Court to reach a different conclusion than it did in *Allied Maritime*, in which this Court found no need for security from The Rice Corporation for a possible London arbitration award. *See* 2004 WL 2284389, at *2.

A possible arbitration award could easily be enforced in the Southern District without a pre-award attachment, because The Rice Corporation is amenable to service of process here, as the undersigned is its designated agent, and The Rice Corporation maintains an office at 80 Broad Street, New York, New York.

Accordingly, for clear failure to establish that a possible arbitration award will be rendered ineffectual absent provisional relief, Petitioner's motion to confirm the Order to Show Cause for an order of attachment should be denied as a matter of law. Although it is strongly urged that this statutory element is dispositive, The Rice Corporation will next discuss the reasons that Swift Splash Ltd. also failed to meet its heavy burden to establish a likelihood of success on the merits as required by N.Y. C.P.L.R. 6212(a).

## POINT II

### SWIFT SPLASH LTD. FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

According to Swift Splash Ltd.'s memorandum of law, the statute requires a petitioner to demonstrate that it is "more likely than not that it will succeed on its claims." Memorandum in Support of Motion to Confirm at 4. Although Swift Splash Ltd. provides its theory of the case, Swift Splash Ltd. fails to establish a likelihood of prevailing on the merits. It is important to bear in mind that the statutory requirements of N.Y. C.P.L.R. 6212(a) are strictly construed because prejudgment attachment is a harsh remedy. *See Merrill Lynch Futures*, 585 F.Supp. at 1259; *Buy This*, 178 F.Supp.2d at 383. Further, in order to obtain a prejudgment attachment, the moving party "must show proof stronger than that required to make a prima facie case." *Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F.Supp.2d 155, 160 (S.D.N.Y. 2007).

6

In *Musket Corp.*, this Court held that a petitioner failed to demonstrate a likelihood of success on the merits in a breach of contract action, given the weakness of its case on one of the elements of its claims, complete performance under the contract. 512 F.Supp.2d at 160.

Similarly, the present matter is based on a breach of contract action in which the petitioner, Swift Splash Ltd., has failed to demonstrate that it completely performed its contract obligations. The strong dispute on the breach of contract issue is evidenced by Exhibit 1 to the Memorandum of Law in Response to the Court's Order to Show Cause, the declaration of Clare Fenella Tookey, who is The Rice Corporation's solicitor in the London arbitration. Further evidence is provided by The Rice Corporation's Claim Submissions of March 27, 2009, which Swift Splash Ltd. included as Exhibit B to its Petition.

First, Swift Splash Ltd. failed to meet its obligation under Clause 1 of the Charterparty (Petition Exhibit B para. 2), which required "[t]hat the owners shall ... keep the Vessel in a thoroughly efficient state in hull, holds and hatch covers." Further, Clause 80 stated that, "[o]wners guarantee that vessel's hatch covers are to be watertight all throughout this Charter Party period and if any hatch covers found defective, same to be rectified at Owners time and expense to Charterers' satisfaction." The leaking hatch covers rendered the vessel unseaworthy and unfit for service from August 22, 2008, at the latest, to October 22, 2008, at which point Swift Splash Ltd. had finally completed repairs and the vessel was ready for service again. The Rice Corporation strongly asserts that, during this time period of more than two months, the vessel was not at its "full use and disposition" as required by the Charterparty. (Petition Exhibit B para. 2).

Second, it is The Rice Corporation's position that the vessel was off-hire for more than 30 consecutive days during the above time period, Tookey Decl. para. 43, thereby entitling it to

7

terminate the Charterparty under Clause 68, as it did (Petition Exhibit B para. 2 and 11). This contractual entitlement and The Rice Corporation's conduct are strong evidence that The Rice Corporation did not breach the Charterparty, and as such it cannot be said that Swift Splash Ltd. is likely to succeed on the merits.

Third, it is The Rice Corporation's position that Swift Splash Ltd.'s failure to remedy the defects in the Vessel was a repudiatory breach of the Charterparty (Petition Exhibit B para. 11). Once again, the conduct of the parties is strong evidence that The Rice Corporation did not breach the Charterparty, and as such it cannot be said that Swift Splash Ltd. is likely to succeed on the merits.

Accordingly, in light of the fact that there is strong evidence in opposition to Swift Splash Ltd.'s theory of the case, it cannot be said that Swift Splash Ltd. has demonstrated that it is likely to succeed on the merits, as required by N.Y. C.P.L.R. 6212(a). This failure is an independent basis for refusing to confirm the order of attachment. In light of this failure, attachment would be unjust because it would position Swift Splash Ltd. "to impose settlement terms upon [The Rice Corporation] which bear no relation to the merits of the case which has been referred to London arbitration." Memorandum in Response, Exhibit 1, Tookey Decl. para. 62.

## CONCLUSION

As discussed above, Swift Splash Ltd. seeks attachment of escrow funds on pure speculation that an arbitration award will be rendered, given that Swift Splash Ltd. fails to establish a likelihood of success on the merits, and without any proof that The Rice Corporation will not otherwise satisfy such an award. In light of the fact that prejudgment attachment is a "harsh remedy not lightly to be granted," *see Merrill Lynch Futures*, 585 F.Supp. at 1259

8

(S.D.N.Y. 1984), it is clear that Swift Splash Ltd. proposes a prejudgment attachment that is entirely inappropriate.

Accordingly, in Opposition to Petitioner's Motion to Confirm, The Rice Corporation respectfully requests that this Court deny Swift Splash Ltd.'s Motion to Confirm.

Dated: New York, New York
       September 9, 2010

                Respectfully submitted,
                HILL RIVKINS LLP
                Attorneys for Respondent The Rice Corporation

By:    Keith B. Dalen
        45 Broadway, Suite 1500
        New York, New York  10006
        Tel: 212-669-0600
        Fax: 212-669-0699

9